NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-CV-577-KKC

ROBERT L. AMERSON                                          PETITIONER

VS:                     **<u>MEMORANDUM OPINION AND ORDER</u>**

CHARLES SAMUELS, WARDEN, FCI-MANCHESTER                    RESPONDENT


Robert L. Amerson, an individual who lists his most recent address as the Federal Correctional Institution in Manchester, Kentucky ("FPC- Manchester"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  He has paid the $5.00 filing fee.

This matter is before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action:  (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

<u>RESPONDENT</u>

The named respondent is Charles Samuels, Warden of FCI-Manchester.

<u>CLAIMS</u>

The petitioner alleges that he was unjustly charged with a disciplinary infraction on March 17, 2004.  He claims that because Lt. Coleman's version of the facts and Officer McEntee's (the charging officer) version of the facts contained contradictory statements and lies, the DHO should not have considered Lt. Coleman's statement.  The petitioner contends that another inmate, Jones, backed up his (petitioner's) version of the March 17, 2004 events.  Although he does not specifically state, to the extent that the petitioner has lost 27 days of good time credit, it appears that the petitioner is alleging that his Fifth Amendment right to due process of law has been violated.

<u>ALLEGATIONS OF THE PETITION</u>

The petitioner has completed a seven-page, pre-printed §2241 habeas corpus petition and has also attached several exhibits to his petition.  He has attached a separate, typewritten, one-and-a-half-page supplement at the end of his submission, in which he explains his efforts to administratively exhaust his claims and the problems he has encountered in trying to do so.

At the time of the complained-of action, March 17, 2004, the petitioner was confined at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis").  The attachments to the petition reflect that on March 17, 2004, an FCI-Memphis employee/correctional officer by the name of L. McEntee filed an incident report against the petitioner.  In the report, McEntee states that the petitioner looked directly at him, threw punches in the air with closed fists, and made threatening comments to McEntee about the fact that he (petitioner) had been doing push-ups and had been "working out for Mr. McEntee." [Incident Report, ¶ 11] Officer McEntee further stated in his report that because of a past physical confrontation with the petitioner, he interpreted the petitioner's comment and behavior as a threat.  McEntee also stated in his report that because the petitioner was

2

affiliated with the "Disciples Gang" and made the comment in front of several other inmates, he believed that the petitioner was threatening his personal safety.  McEntee stated that the petitioner was immediately  taken to the Special Housing Unit ("SHU").

Although it is not entirely clear from either the petition or the Officer McEntee's "Incident Report" of March 17, 2004, it appears that a "Lieutenant Coleman" apparently reinforced Officer McEntee's version of the encounter with the petitioner during the disciplinary hearing.

The petitioner states in his petition form that Disciplinary Hearing Officer ("DHO") Timothy Smart presided over the disciplinary hearing on April 7, 2004.  The petitioner disputed the claim and denied that he made any threatening comments to Officer McEntee or about Officer McEntee.  The petitioner alleges that he instead only made a joke, to another inmate by the name of Jones, about the fact that he (petitioner) had exercised and that Officer McEntee needed to exercise.

The petitioner states that because he was in a boxing stance when he made the comment, DHO Smart concluded that Officer McEntee was justified in his belief that he was in danger.  The petitioner was convicted of the disciplinary infraction.  He states that his sentence consisted of:  (1) thirty days in disciplinary segregation; (2) the loss of 27 days of good time credit; (3) transfer; and (4) three (3) points added to his custody status.

The petitioner takes exception to the DHO's findings of fact, *i.e.*, the finding that the petitioner was looking directly at McEntee when he made the objectionable comment to McEntee. He claims that the DHO should not have given any credence to Lt. Coleman's alleged corroboration of McEntee's claims; that McEntee and Lt. Coleman were both lying about what transpired; that their stories were conflicting; and that his (petitioner's) eye witness (Inmate Jones) testified accurately about what was said.  In sum, the petitioner claims that DHO Smart's report was not

supported by the weight of the evidence in his (petitioner's) favor.

RELIEF REQUESTED

_____The petitioner seeks an order from this Court directing the respondent to "reverse everything that was taken away or added (expunge)." [Petition Form, § V] He also requests that the Court inform DHO Smart that he must comply with 28 C.F.R. Chapter V, and that the Court sanction Officer McEntee and Lt. Coleman with a two-day suspension for lying.

DISCUSSION
1. Proper Forum

Claims which challenge the execution of sentence, such as issues concerning the computation of parole or sentence credits, are properly raised under §2241 in the district where the petitioner is incarcerated. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979); (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir.1977). As the petitioner is currently incarcerated in the Eastern District of Kentucky, the petitioner has filed his petition in the proper court.

2. Exhaustion of Remedies

Petitioners seeking relief under §2241 are required to exhaust judicially created administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *Colton v. Ashcroft*, 299 F.Supp.2d 681, 689 (E. D. Ky. 2004) (Hon. Jennifer B. Coffman, presiding); *see also  Leslie v. U.S.*, 89 Fed.Appx. 960, 961, 2004 WL 253362, **2 (6th Cir.(Ky.) February 9, 2004) (not selected for publication in the Federal Reporter) ("Finally, it is well established that federal prisoners are required to exhaust their

4

administrative remedies before filing a habeas corpus petition under §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992). Leslie admits that he did not exhaust his available administrative remedies prior to filing his petition. Therefore, the district court also properly dismissed Leslie's petition for his failure to exhaust his administrative remedies. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir.1993)").

In *Colton*, Judge Coffman stated as follows on the subject of exhausting judicially created remedies:

> "Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (1997) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001)."

*Colton*, 299 F.Supp.2d 681 at 689.

The Bureau of Prisons ("BOP") has created administrative remedies for federal prisoners bringing a 28 U.S.C. §2241 petition, which are set forth in 28 C.F.R. §§542.10-.16 (1987). According to 28 C.F.R. §542.14 (d)(2), DHO appeals are to be submitted initially to the Regional Director for the region where the inmate is currently located. Submission of appeals to the Regional Director are set forth in 28 C.F.R. §542.15:

> "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. . . . When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in §542.14(b) of this part.

5

28 C.F.R. §542.15(a).

The petitioner attached a "Rejection Notice - Administrative Remedy" dated May 12, 2004, from the BOP's Mid-Atlantic Regional Office ("the MARO").  The MARO stated that it received the BP-10 appeal on May 10, 2004, but rejected it because the petitioner failed to submit the BP-10 within 20 days of the date the DHO had issued his report, which in the instant proceeding appears to have been April 7, 2004.

The next and final step in the BOP's administrative remedy process would have been for the petitioner to have filed a BP-11 appeal with the BOP's Central Office.

> . . . An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.

28 C.F.R. §542.15(a).

The petitioner attached a "Rejection Notice - Administrative Remedy" dated August 5, 2004, from the BOP's Central Office.  The BOP Central Office rejected the petitioner's BP-11 appeal as untimely because it was not received within thirty days of the Regional Director's Response of May 12, 2004.

In the part of his supplemental filing devoted to the administrative exhaustion process, the petitioner discussed in detail the efforts he undertook, beginning the week of April 17, 2004, to obtain a BP-10 form from prison officials at FCI-Memphis.  He states that he had numerous discussions with his Unit Manager; his Case Manager; an individual whom he identifies as "A.W. Aaron"; and the Warden of FCI-Memphis, whom he identifies as "Warden Outlaw." He alleges that his counselor ignored him and that finally, on May 6, 2004, the Unit Manager from "the other side" [presumably, the other side of FCI-Memphis] returned with a signed BP-10 and copies of his appeal,

6

and placed them in the mail that day.  By then, his twenty-day appeal time had expired.  The petitioner then explains that he was in transit between June 1, 2004 and July 6, 2004.

The Court determines that the petitioner has sufficiently demonstrated that although he attempted to promptly pursue the appropriate BOP administrative remedies, he was prevented from complying with the requisite steps through no fault of his own.  Having established that fact, however, the Court concludes that the petitioner's claim suffers from another fatal defect and must be dismissed as frivolous on the merits.

2.  <u>Dismissal on the Merits</u>

To the extent that the petitioner disagrees with DHO Smart's decision that he (petitioner) threatened Officer McEntee, and based his decision on the testimony of Officer McEntee and Lt. Coleman, the petitioner fails to state a legitimate Fifth Amendment claim.  The petitioner does not allege that he was denied a hearing as required by *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), or was otherwise deprived of due process of law in connection with the procedures of the disciplinary hearing.  On the contrary, the petitioner merely disputes McEntee's and Coleman's credibility and veracity.

Federal courts, however, do not assess credibility or weigh the evidence when reviewing a disciplinary conviction.  A disciplinary action should be upheld if it is supported by "some evidence."  *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).  This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.*  In *Superintendent v. Hill*, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process . . . . [a]scertaining whether the

7

"some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

*Id.* at 454-55.

Therefore, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id.* at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. *Id.* at 457. The only question here is whether DHO Smart had some evidence to ensure fairness and justify his findings.

In the instant proceeding, there was "some evidence" from both Officer McEntee and Lt. Coleman that the petitioner committed the offense, although the petitioner strongly disputes that evidence. *See Superintendent v. Hill*, 472 U.S. 445 at 454. To the extent the petitioner is asserting that the testimony that DHO Smart relied upon lacked credibility, independent assessment of witnesses' credibility by this Court is not required. *Superintendent*, 472 U.S. at 455. Moreover, the credibility determinations of the hearing officers cannot be disturbed on appeal. *Wagner v. Seely, et al.*, 915 F.2d 1575 (7th Cir. 1990) (unpublished), *cert. denied*, 501 U.S. 1219 (1991). The petitioner' claim lacks merit and is therefore dismissed with prejudice, as frivolous.

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Robert L. Amerson's petition for writ of habeas corpus is **DENIED**.

(2)     This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 20th day of May, 2005.

Signed By:

*Karen K. Caldwell*  KKC

**United States District Judge**